**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

DEUNDRICK DAMON MCINTOSH

Defendant.

Criminal No. 23-87 (JRT/ECW)

**MEMORANDUM OPINION AND ORDER**
**ON DEFENDANT'S MOTION TO VACATE,**
**SET ASIDE, OR CORRECT SENTENCE**
**UNDER 28 U.S.C. § 2255 AND ON OTHER**
**POST-CONVICTION RELIEF MOTIONS**

Craig R. Baune and Katharine T. Buzicky, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Deundrick Damon McIntosh, Register No. 08977-027, FCI Hazelton, Post Office Box 5000, Bruceton Mills, WV 26525, *pro se* Defendant.

Defendant Deundrick Damon McIntosh pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). In April 2024, he was sentenced to a 120-month term of imprisonment, to be followed by three years of supervised release. McIntosh has filed three motions related to 28 U.S.C. § 2255: (1) a motion to vacate, set aside, or correct his sentence under § 2255 (Docket No. 87); (2) a motion for an evidentiary hearing (Docket No. 109); and (3) a motion for an order granting his § 2255 motion (Docket No. 111). Because McIntosh has failed to meet his burden with respect to these § 2255-related motions, the Court will deny his requests. McIntosh has also filed a motion seeking the return of seized property under Federal Rule of Criminal

Procedure 41(g) (Docket No. 110). The Court will defer ruling on McIntosh's Rule 41(g) motion until the Government has had the opportunity to state its position on the motion. The Court will therefore order the Government to submit a response to McIntosh's Rule 41(g) motion within **30 days** of this Order.

**BACKGROUND**

**I.      OFFENSE CONDUCT AND PRETRIAL ACTIVITY**

On December 22, 2022, a bank robbery in Inver Grove Heights, Minnesota occurred, which allegedly resulted in the theft of $78,265 in cash. (Report & Recommendation ("R&R") at 9, Oct. 16, 2023, Docket No. 54 (citing the information provided in support of a search warrant).) Police identified McIntosh as the suspect. (*Id.* at 9–10.) Investigators then obtained three search warrants authorizing searches of: (1) McIntosh's person and his Cadillac vehicle; (2) a residence located at Arlington Avenue East in St. Paul, Minnesota; and (3) four cell phones. (*Id.* at 2.)

In March 2023, McIntosh was charged by indictment with one count of bank robbery under 18 U.S.C. § 2113(a) (Count 1) and one count of being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count 2). (Indictment at 1–2, Mar. 9, 2023, Docket No. 1.) The Indictment contained forfeiture allegations, stating that, if convicted, McIntosh would forfeit (1) proceeds from the alleged bank robbery and (2) "all firearms, accessories, and ammunition involved in or used in connection with said count of conviction, including but not limited to a Glock Model 19 9mm pistol bearing serial number BPXF162[.]" (*Id.* at 2–3.)

-2-

On March 20, 2023, the Court appointed Attorney Robert Richman to represent McIntosh. (*See* Order for Appointment of Counsel, Mar. 20, 2023, Docket No. 10.) On April 20, 2023, the Government filed a Superseding Indictment, amending Count 2 to further allege that McIntosh qualified as an armed career criminal, thereby subjecting him to enhanced penalties on the felon-in-possession charge. (Superseding Indictment at 2, Apr. 20, 2023, Docket No. 21.)

In May 2023, the parties filed various pretrial motions. Richman filed a suppression motion on McIntosh's behalf, seeking to suppress evidence seized pursuant to the three search warrants. (Mot. to Suppress Evid., May 15, 2023, Docket No. 27.) Richman also requested an evidentiary hearing under *Franks v. Delaware*, 433 U.S. 154 (1978). (*Id.* at 3.) The Government filed a motion for disclosure of alibi evidence (Docket No. 37) as well as a motion for an order requiring Defendant to establish standing to challenge the search of the Arlington Avenue residence (Docket No. 35).

In July 2023, Magistrate Judge Elizabeth Cowan Wright held a hearing on the motions. (Min. Entry, July 10, 2023, Docket No. 43.) While the Court was considering the parties' motions, Richman filed a motion, requesting leave to supplement his suppression motions. (Def.'s Unopposed Mot. to File Late, Aug. 31, 2023, Docket No. 47.) Richman conceded that the motions deadline had lapsed but acknowledged that he had been "negligent by failing to review" the complete recording of a witness interview concerning the warrant for McIntosh's person and vehicle. (*Id.* at 1.) As a result, Richman requested

leave to file a suppression motion.  (*Id.*)  The Government did not object (*id.* at 2), and the Court granted Richman's request (Order, Sept. 5, 2023, Docket No. 52).  Richman filed his supplemental materials.  (*See* Docket Nos. 48–51.)  On October 16, 2023, the Magistrate Judge issued a 42-page R&R, denying McIntosh's request for a *Franks* hearing and recommending that the Court deny McIntosh's suppression motion.  (R&R at 41–42.)

## II.    CHANGE-OF-PLEA AND SENTENCING

On November 9, 2023, the Government filed a Felony Information, charging McIntosh with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).  (Felony Information, Nov. 9, 2023, Docket No. 57.)  In the Felony Information, the Government removed the allegations that McIntosh qualified as an armed career criminal.  (*Id.* at 1.)  The Government, however, maintained that if convicted of the felon-in-possession offense, McIntosh would be required to forfeit the Glock Model 19 9mm pistol and any other firearms, accessories, or ammunition used in connection with the offense.  (*Id.* at 2.)

On November 13, 2023, the Court held a change-of-plea hearing, and the parties submitted an executed plea agreement.  (*See* Docket Nos. 58, 60.)  McIntosh pled guilty to Count 1 of the Felony Information, which charged him with being a felon in possession of a firearm.  (Plea Agreement ¶ 1, Nov. 13, 2023, Docket No. 60.)  By pleading guilty, McIntosh "knowingly, willingly, and voluntarily [gave] up the right to have any pending motions resolved and to file any additional pre-trial motions in this case."  (*Id.* ¶ 3.)  Not only did McIntosh agree to withdraw any previously filed pretrial motions, he also

"agree[d] to waive any constitutional challenge to the January 11, 2023 search warrant executed at 169 Arlington Avenue E, St. Paul, Minnesota, and any related argument that any evidence discovered during that search is subject to suppression . . . ." (*Id.*)  As part of the plea, McIntosh indicated that he "understands and intends" for the waiver regarding the residence "to apply to both criminal, civil, and forfeiture proceedings related to this matter." (*Id.*)  By signing the agreement, McIntosh affirmed that he read the agreement, "carefully reviewed each provision with his attorney," and "voluntarily accept[ed] every term and condition" of the agreement. (*Id.* ¶ 16.)

The Plea Agreement contemplated an offense level of 27 and a criminal history category of IV, yielding a Guidelines range of 100 to 125 months imprisonment. (*Id.* ¶ 8(f).)  Under the Plea Agreement, "the parties jointly agree[d] to recommend a sentence of no fewer than 100 and no greater than 125 months' incarceration." (*Id.* ¶ 11.)  McIntosh further agreed to forfeit the Glock Model 19 9mm pistol and an extended magazine. (*Id.* ¶ 13.)  McIntosh also agreed to waive his right to appeal a sentence of 125 months and below as well as his "right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel or retroactive changes in the law." (*Id.* ¶ 14.)

On April 5, 2024, the Court sentenced McIntosh to 120-months imprisonment, to be followed by three years of supervised release. (Sentencing J. at 2–3, Apr. 5, 2024, Docket No. 82.)  The Court concluded that the applicable Guidelines range was 130 to 162

months, based on a total offense level of 27 and a criminal history category of VI. (Statement of Reasons at 1, Apr. 5, 2024, Docket No. 83.)  But the Court departed downward under U.S.S.G. § 4A1.3(b), finding that McIntosh's "criminal history category of VI substantially over-represents the seriousness of the Defendant's criminal history," and that the application of the downward departure "resulted in a guidelines range of 100-125 months."  (Statement of Reasons at 2, 4.)  McIntosh did not appeal.

McIntosh now moves to vacate his sentence under 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel.[1]  (Mot. to Vacate ("Pl.'s § 2255 Mot."), Mar. 31, 2025, Docket No. 87.)  McIntosh filed two other motions related to his § 2255 motion: a motion for an evidentiary hearing to, among other things, "resolve the Constitutional Issues asserted by his Claims of Ineffective Counsel" (Docket No. 109) and a motion requesting that the Court grant his § 2255 motion (Docket No. 111).  McIntosh has also filed a motion for the return of seized property under Federal Rule of Criminal Procedure 41(g).  (Docket No. 110.)

## DISCUSSION

### I.    STANDARD OF REVIEW

Section 2255 allows a federal prisoner an opportunity to seek post-conviction relief on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or

---

[1] The Government does not dispute that McIntosh's § 2255 motion is timely.

that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). As the movant, McIntosh bears the burden to show that he is entitled to relief under § 2255. *Walker v. United States*, 900 F.3d 1012, 1015 (8th Cir. 2018).

But McIntosh is pro se. The Court liberally construes documents filed by a pro se litigant and holds them to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, pro se litigants are not excused from complying with substantive or procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## II.    INEFFECTIVE ASSISTANCE OF COUNSEL

A federal prisoner may seek post-conviction relief for ineffective assistance of counsel. The Court evaluates claims of ineffective assistance of counsel brought under § 2255 using the framework established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011). Generally, "a showing of ineffective assistance of counsel satisfies both cause and prejudice," but the defendant "faces a heavy burden" to demonstrate ineffective assistance. *Apfel*, 97 F.3d at 1076. Under *Strickland*, the defendant must first establish that "his attorney's performance was

-7-

so deficient as to fall outside the range of reasonable professional assistance." *Morelos v. United States*, 709 F.3d 1246, 1249–50 (8th Cir. 2013). Second, the defendant must show that "he suffered such prejudice stemming from the deficient performance [that] there is a reasonable probability the proceeding would have had a different result." *Id.* at 1250. "Failure to establish either prong is fatal to a claim of ineffective assistance." *Id.* Further, when considering if counsel's performance was deficient, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Johnson v. United States*, 278 F.3d 839, 842 (8th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).

Liberally construed, McIntosh essentially claims that he is entitled to relief under § 2255 for **seven** reasons. The Court will address each argument in turn.

### A.     Right to Appeal

McIntosh argues that Richman was ineffective because Richman allegedly did not inform McIntosh of his right to appeal his sentence. (Pl.'s § 2255 Mot. at 3–4.) The Court rejects McIntosh's argument.

Prejudice is presumed where counsel's deficient performance led to the "forfeiture of a proceeding," such as the defendant's right to appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000). When a defendant has expressly requested an appeal, counsel performs deficiently by disregarding the defendant's instructions. *Garza v. Idaho*, 586 U.S. 232, 241 (2019). In other words, when a defendant alleges ineffective assistance of counsel on the grounds that counsel failed to file a notice of appeal, the defendant's § 2255 motion will

succeed if the defendant shows "that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 242 (quoting *Flores-Ortega*, 528 U.S. at 484). The presumption of prejudice established in *Flores-Ortega* applies even when, as in this case, the Defendant expressly waived his right to appeal as part of a plea agreement. *Id.* at 243.

The Court concludes that McIntosh has not met his burden of showing that his attorney did not advise him of his right to appeal. McIntosh offers nothing more than "vague and conclusory allegations" that Richman did not advise him of his right to appeal—the type of allegations which "are not sufficient to state a ground for relief under 28 U.S.C. § 2255." *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986). In addition, nowhere does McIntosh allege that he would have appealed but for Richman's alleged failure to advise him of his appeal rights. McIntosh's position is also undermined by his own representations in the Plea Agreement. In that agreement, McIntosh represented that he "carefully reviewed each provision with his attorney" (Plea Agreement ¶ 16), and among those provisions was a clear explanation of scope of McIntosh's appeal waiver (*see id.* ¶ 14). McIntosh's representations therefore cut against his assertions that Richman did not advise McIntosh of his right to appeal.

For these reasons, the Court rejects McIntosh's argument that Richman was ineffective for failing to advise McIntosh of his right to appeal.

**B.      Right to Object to R&R and Failing to Object to R&R**

McIntosh argues that Richman was ineffective by failing to inform him of his right to object to the R&R and by failing to file objections to the R&R.  (Pl.'s § 2255 Mot. at 4, 6.)  The Court rejects this argument for at least two reasons.

**First**, McIntosh withdrew his suppression motion and waived the right to file additional pretrial motions by pleading guilty.  The Plea Agreement expressly states that McIntosh "knowingly, willing, and voluntarily [gave] up the right to have any pending motions resolved and to file any additional pre-trial motions in this case."   (Plea Agreement ¶ 3.)  McIntosh further agreed to "withdraw[] any motions previously filed"— which would include his suppression motion that was addressed in the R&R.  (*Id.*)  In light of McIntosh's concessions in the Plea Agreement—which indicate that he understood he was surrendering his right to litigate his pretrial motions—the Court cannot conclude that Richman rendered deficient performance.

**Second**, even assuming Richman's performance was deficient, McIntosh cannot show that he suffered the prejudice required under *Strickland*.  When a defendant argues that his attorney was ineffective for failing to raise or pursue a Fourth Amendment claim, the defendant must "also prove that his Fourth Amendment claim is meritorious" and "that there is a reasonable probability" that outcome of the case would have been different had the claim been litigated.  *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).  McIntosh has not made such a showing and thus fails to establish prejudice.

The Court therefore rejects McIntosh's arguments that Richman was ineffective by failing to inform him of the right to object to the R&R and by failing to object to the R&R.

### C.    Review of Government's Discovery

McIntosh argues that Richman was ineffective because he failed to review discovery before filing pretrial motions. (Pl.'s § 2255 Mot. at 4.) The Court disagrees.

Although Richman sought leave to file a supplemental suppression motion after admitting that he had been "negligent by failing to review" the complete recording of a witness interview (Def.'s Unopposed Mot. to File Late at 1), the Government did not oppose the request, and the Court granted him leave to file supplemental materials. (*See* Order, Sept. 5, 2023, Docket No. 52.) Richman filed his supplemental suppression materials (Docket Nos. 48–51), and the Magistrate Judge considered such materials in the R&R. Because Richman remedied his error and the Court considered his supplemental arguments, McIntosh cannot establish the prejudice required under *Strickland*. Accordingly, the Court concludes that Richman was not ineffective for failing to review discovery before filing pretrial motions.

### D.    Constitutionality of 18 U.S.C. § 922(g)(1)

McIntosh contends that Richman was ineffective because Richman failed inform McIntosh that 18 U.S.C. § 922(g)(1) is unconstitutional under the Second Amendment of the United States Constitution. (Pl.'s § 2255 Mot. at 4, 5, 8.) McIntosh's argument is misplaced because Eighth Circuit has recently held § 922(g)(1) to be constitutional. *See United States v. Jackson*, 110 F.4th 1120, 1129 (8th Cir. 2024) (upholding constitutionality

of § 922(g)(1) in light of recent Supreme Court precedent and noting that "Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons"); *see also United States v. Rahimi*, 602 U.S. 680, 699 (2024) (noting that prohibitions on the possession of firearms by felons are "presumptively lawful").    Because McIntosh's argument is premised on a misunderstanding of current Second Amendment jurisprudence, the Court rejects McIntosh's contention that Richman was ineffective for failing to advise McIntosh that § 922(g)(1) was unconstitutional.

### E.    Denial of McIntosh's Request for a *Franks* Hearing

McIntosh next argues that the Magistrate Judge "abused her discretion" in denying his request for a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978).  (Pl.'s § 2255 Mot. at 5; *see also* R&R at 41–42.)  The Court rejects McIntosh's argument for two reasons.

**First**, McIntosh plainly waived his right to challenge the Magistrate Judge's conclusions in the Plea Agreement.  (*See* Plea Agreement ¶ 14 (waiving right to seek collateral relief, "except based upon a claim of ineffective assistance of counsel or retroactive changes in the law").)  When reviewing a claim of appeal waiver, the Court must confirm that the issue falls within the scope of the waiver, that both the waiver and plea agreement were entered into knowingly and voluntarily, and that enforcing the waiver would not result in a miscarriage of justice.  *See United States v. Floyd*, 931 F.3d 709, 710–711 (8th Cir. 2019).  Because McIntosh's claim falls within the scope of the waiver, McIntosh knowingly and voluntarily entered into the plea agreement and waiver,

and enforcement of the waiver would not result in a miscarriage of justice, the Court rejects McIntosh's argument that the Magistrate Judge's denial of his request for a *Franks* hearing warrants relief under § 2255.

**Second**, McIntosh's challenge to the Magistrate Judge's R&R is not properly before the Court because he could have raised his abuse of discretion argument on direct appeal but failed to do so.  Because "[a] section 2255 motion is not a substitute for direct appeal. . . . [A] claim which could have been presented on direct appeal is not considered in a section 2255 proceeding absent a showing of cause for the failure to raise the issue and actual prejudice resulting from that failure."  *Boyer v. United States*, 988 F.2d 56, 57 (8th Cir. 1993).  McIntosh makes no effort to establish actual prejudice.  Because McIntosh has not shown actual prejudice, his challenges to the R&R cannot support relief under § 2255.

### F.    Offense Level Enhancement Under U.S.S.G. § 2K2.1(b)(6)(B)

McIntosh argues that he is entitled to relief under § 2255 because his offense level was increased four levels pursuant to U.S.S.G. § 2K2.1(b)(6)(B), and Richman failed to both object to the enhancement or to advise McIntosh that he could argue that only a jury could determine whether the enhancement applied. (Pl.'s § 2255 Mot. at 7.)  McIntosh's arguments fail for at least three reasons.

**First**, the application of the enhancement under U.S.S.G. § 2K2.1(b)(6)(B) was plainly contemplated in the Plea Agreement. (Plea Agreement ¶ 8(b).)  Because McIntosh represented that he "carefully reviewed each provision with his attorney" (*see id.* ¶ 16),

and the parties incorporated the enhancement into the contemplated guideline calculations in the Plea Agreement, the Court cannot conclude that Richman was ineffective by failing to object to the application of the § 2K2.1(b)(6)(B) enhancement.

**Second**, McIntosh waived the right to appeal the Court's decision to apply the enhancement, and he did so "knowingly, intelligently, and voluntarily." (*See id.* ¶ 14.)

**Third**, McIntosh is mistaken that only a jury may determine whether the enhancement applies. "Under an advisory sentencing regime, the district court is entitled to determine sentences based upon judge-found facts and uncharged conduct where the defendant is not sentenced in excess of the statutory maximum." *United States v. Shield*, 831 F.3d 1079, 1083 (8th Cir. 2016) (cleaned up). "When the district court applies the guidelines in an advisory manner . . . 'judicial fact-finding using a preponderance of the evidence standard is permitted.'" *Id.* at 1083 (quoting *United States v. Ademi*, 439 F.3d 964, 966 (8th Cir. 2006)). Here, the Court treated the Guidelines as advisory and imposed a 10-year sentence—well below the statutory maximum of 15 years' imprisonment. *See* 18 U.S.C. § 924(a)(8). Under these circumstances, the judge—not a jury—may determine whether an enhancement applies based on a preponderance of the evidence. For these reasons, the Court rejects McIntosh's arguments regarding the sentencing enhancement.

### G.     Return of Property

McIntosh alleges that Richman was ineffective because Richman did not secure the return of McIntosh's property that was seized pursuant to the search warrants nor did he advise McIntosh on how to request its return. (Pl.'s § 2255 Mot. at 8–9.) In addition to

presenting this argument in his § 2255 motion, McIntosh has filed Motion to Return Seized Property under Rule 41(g), requesting that the Court order the return of: $12,500 in cash, four cell phones, clothing, shoes, and "all other item's [sic] the Government law enforcement seized as a result of the search warrant and that belong to the Defendant such as debit cards, jewelry that are not forfeited items according to the plea agreement contract."  (Mot. to Return Property at 1–2, June 15, 2026, Docket No. 110.)  McIntosh concedes that the Glock Model 19 9mm pistol and any ammunition are subject to forfeiture under the Plea Agreement.  (*Id.* at 1.)

Because McIntosh can seek the return of his property under Rule 41(g)—and has in fact filed such a motion (*see* Docket No. 110)—he cannot show that he was prejudiced by Richman's actions, as required to establish ineffective assistance of counsel under *Strickland*.  Therefore, Richman's actions with respect to the return of seized property do not justify § 2255 relief.

*    *    *

Accordingly, McIntosh has failed to demonstrate that he was denied effective assistance of counsel.  The Court will therefore deny him relief under 28 U.S.C. § 2255.[2]

---

[2] McIntosh recently filed a "Pro Se Motion to Grant the 2255 Motion" (*see* Docket No. 111).  This filing is essentially a reply brief filed in support of his initial § 2255 motion (*see* Docket No. 87), and the Court will deny McIntosh's most recent motion as duplicative.

### III.     MOTION TO RETURN SEIZED PROPERTY

The Court now turns to McIntosh's Rule 41(g) motion.  Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  Rule 41(g) is a means of recovering seized property, not forfeited property.  *Id.*  The Eighth Circuit has established a burden shifting approach to adjudicate Rule 41(g) motions.  First, "[t]he movant must establish lawful entitlement to the property."  *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008).  The movant's burden can be "satisfied by showing that the property was seized from the movant's possession," because "a person from whom property is seized is presumed to have a right to its return."  *Id.*  The Government must then "establish a legitimate reason to retain the property."  *Id.* at 397. "A Rule 41(g) motion 'is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'"  *Id.* (quoting *United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002)).  An evidentiary hearing is not required if "it is apparent that the person seeking a return of the property is not lawfully entitled to own or possess the property."  *United States v. Howard*, 973 F.3d 892, 894 (8th Cir. 2020).

Because the Rule 41(g) analysis requires consideration of both the movant's entitlement to the property and the Government's justification for continued possession, the Court concludes that further input from the Government is necessary before the

-16-

motion can be properly resolved.  The Court will therefore defer ruling on the motion pending a response from the Government addressing the status of the property and any grounds for its continued retention.  The Court will order the Government to file a response to McIntosh's Rule 41(g) motion (Docket No. 110) within **30 days** of this Order.

## IV.     EVIDENTIARY HEARING

McIntosh requests an evidentiary hearing in connection with his § 2255 motion. (*See* Request for Evid. Hr'g., June 15, 2026, Docket No. 109.)  A movant is entitled to an evidentiary hearing on a § 2255 motion unless the "claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based."  *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (citation omitted).  Because the Court has concluded that each argument raised by McIntosh in his § 2255 motion is either contradicted by the record or is insufficient to demonstrate ineffective assistance of counsel, an evidentiary hearing is not required.  *See Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995) (affirming denial of evidentiary hearing for § 2255 motion based on ineffective assistance of counsel for lack of "credible, non-conclusory evidence").  The Court will therefore deny McIntosh's motion for an evidentiary hearing.

## V.     CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where the movant "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000).  To make such a showing, the issues must be debatable among reasonable jurists, a court must be able to

resolve the issues differently, or the issues must deserve further proceedings. *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). The Court concludes that McIntosh has not shown that reasonable jurists would find the issues raised in McIntosh's motion debatable, that another court would resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court declines to grant a certificate of appealability.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Deundrick Damon McIntosh's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. [87]) is **DENIED**.

2. Defendant's Request for Evidentiary Hearing (Docket No. [109]) is **DENIED**.

3. Defendant's Motion to Grant the 2255 Motion (Docket No. [111]) is **DENIED as duplicative** of his § 2255 motion (*see* Docket No. [87]).

4. No certificate of appealability is issued under 28 U.S.C. § 2253(c).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

**IT IS FURTHER HEREBY ORDERED** that the Government shall respond to Defendant's Motion to Return Seized Property under Rule 41(g) (Docket No. [110]) within **30 days** of this Order, addressing the status of the requested property and any grounds for its continued retention.

-18-

-19-

DATED: July 23, 2026
at Minneapolis, Minnesota.

_____/s/ John R. Tunheim_____
JOHN R. TUNHEIM
United States District Judge